We'll hear argument now in the case of Hays v. National Fire & Marine Insurance Company. Mr. Philbrick. May it please this honorable court, my name is Charles Philbrick and I represent Frank Hays, who served as the administrator of his mom's, his mother's estate, Sarah Quinn. With me today is co-counsel and Mr. Craig Manchik, who also represented Mr. Hays in the underlying Illinois Nursing Home Care Act claim that gave rise to the judgment. I'd like to start with estoppel and then move to damages. You might want to start with the public jurisdiction. Excellent question. We had summary judgment in which certain issues were resolved and other issues. Let me ask, starting with a technical question, did the district judge ever enter a proper Rule 58 judgment in this case? Ever. There's certainly not one in the appendix to your brief. He entered what he believed to be a final judgment. He mischaracterized it in terms of the rule, but it is functionally a fifth rule. So I take it the answer is no. There is no proper Rule 58 judgment. Rule 58 judgment has to provide the relief to which the prevailing party is entitled. The document entered by the district court says that Party A prevails on Issue B, which is well, quite some distance from a proper Rule 58 judgment. Next question. Did the district court certify anything for appeal under Rule 54B? It did not. It did not. Third question. If he had, could the district court have certified an issue for appeal under Rule 54B? It could not. It could not. Rule 54B doesn't allow that. That's true. So what is it we have for appeal? We have a Rule 54 judgment, and it couldn't be even if it tried to be. It's not a Rule 58 judgment. What we have is a summary judgment that was partial at the time that later became final with the voluntary dismissal of the remaining claims. At that point in time, there were no other claims to be heard, and the summary judgment ruling that had been previously entered became final in appeal. Are you going to hold us against bankers' trust all over again? You're better than I am, for sure, on that jurisdictional question. It's a decision of the Supreme Court holding that if the case is really, really over and we're absolutely sure of that, then an appeal is possible despite the absence of a judgment. The problem is, looking at the documents the district court entered, you can't be really, really sure the case is over, can you? To that, I disagree, because we can be really, really sure that the remaining claims that were headed toward trial were voluntarily dismissed and gone. Voluntarily dismissed? Is there some document reflecting this? Yes, Your Honor. There is a, I think it's Rule 54 voluntary dismissal, where the parties entered and dismissed those claims, albeit without prejudice, but it was in conjunction with a settlement. There's a further problem as soon as you say without prejudice. We have said that you can't dismiss a claim without prejudice in order to set up an appeal on other issues, but that still leaves the lack of a final decision. We have also said that if, when this is discovered on appeal, the party dismisses everything with prejudice, that can retroactively make a judgment final. But if it's dismissed without prejudice, you have a serious problem. But I believe the problem is cured by the order entered by the court dismissing the case, albeit under the name of the wrong rule. There is no order from the court dismissing the case. The judgment that's in the appendix purports to resolve a particular issue. It does not purport to dismiss the case. I hope you see the problem. I do see the problem, Your Honor. And I was of the view that by virtue of the combination of the voluntary dismissal of the remaining claims, plus the court's order regarding Rule 52, that there was no longer any claim pending before the court, and some previously entered summary judgment ruling became final and appealable. That was certainly all the party's and the court's intent. Well, Mr. Feldberg, let me ask you a specific question about an example of where this gets really confusing. So the district court, in its summary judgment ruling, denied summary judgment on equitable estoppel, finding that material factual issues remained in dispute. That's true. It is totally unclear to me whether the parties then settled that question. Your briefs say one thing about that, and NFM's briefs say the opposite. So at this point, I think given the confusion that Judge Easterbrook has been describing, I have no idea whether equitable estoppel has been finally resolved by anyone, whether there's a final judgment on it, whether it's before us. And then I also have no idea what claims, what specific legal claims, the issue of equitable estoppel pertains to, right? Because all this time, everyone, the parties and the district judge, are speaking in the language of issues, not claims. So that is an example of, you know, one of the ways in which it is now totally unclear what we should or can be deciding. Part of a big piece of the lack of clarity is because the settlement agreement between the parties that concerned what I call the remaining claims, those that survived summary judgment, is not before the court. But settlement process happened under the auspices of the magistrate judge. The parties reached an agreement. The remaining claims were settled. They were dismissed. And it was the understanding and intent of all involved. I think you're missing part of the point of Judge Tableson's question. You are using the word claim to mean issue, but that's not the way it is used in the rules of civil procedure. Claim is a grievance. There may be many issues in a claim. One doesn't settle issues, one settles all claims. One dismisses and enters judgment on claims, not issues. Well, but in the insurance coverage context, I agree with you, absolutely. But in the insurance coverage context, we have rather amorphous claims, such as declaratory judgment, in which there is a series of issues. Declaratory judgment is a remedy. It is not a claim. As well as breach of contract, in which we will have a series of issues that would address whether there has been a breach or not, but it's still one claim. In my particular case, I'm representing Mr. Hayes in a post-judgment proceeding in which we're trying to enforce the judgment against an insurance policy. It gets removed to federal court and then combined with a declaratory judgment action. So I agree with you that there is a lack of clarity as between claims and issues. But I would submit to you that, for example, as to equitable estoppel, the court very specifically found that there were issues of fact that prevented the district court from resolving on summary judgment, my client's equitable estoppel theory. However, the court also ruled that, as to my client's theory that National Fire Marine is estopped from denying indemnification with respect to the attorney's fees award because it didn't reserve rights to, which is a separate issue, a separate legal issue, a different form of estoppel, that the district court actually granted summary judgment in favor of National Fire Marine on that particular issue. Not a claim. It was a defense that my client raised in response to the complaint for declaratory judgment in one case and in support of its effort to enforce the judgment against the policy in his own post-judgment collection proceeding. Yes, I agree with your description of the district judge's summary judgment ruling. I don't see how that helps us understand what's before us right now at all. I mean, doesn't the equitable estoppel argument also go to the attorney's fee claim? Wasn't your argument that equitable estoppel also required NFM to pay attorney's fees? It would have if it had gone to trial and my client had prevailed. But it didn't go to trial. It was resolved by the parties and dismissed. So all the...  Pardon me? Without prejudice? Well, that's a really interesting question because the prejudice that needs... It's not an interesting question. It is an absolute obstacle to appellate jurisdiction under this circuit's law. Well, the... The case has to be done, right? And buried or cremated in the district court. And those... Against malice. And the ashes of... If you've got a dismissal without prejudice, it has not been dead and buried. Well, the ashes of the equitable estoppel issue were dismissed. They were not dismissed with prejudice. Well, the goal of the district court, as well as the parties, was to simply make the final decisions of the summary judgment ruling appealable. And that is what we have pursued. This was a total flop. We all agree, right? As I stand before you, yes. When these judgments... When these things purporting to be judgments were in it, did you go to the district judge and say, you can't make an issue in a case appealable without using section 1292B? Did anybody remind the district judge of that? It was the district judge's idea of using the certified question rule to bring this case to a close. 1292B requires a petition filed with the court of appeals and an express finding by the district court, which was never made, nor was a petition filed asking us to accept the appeal in our discretion. My question was, did anybody go to the district judge and say, the documents you have entered are legally defective. You can enter a final judgment, or you can certify a question under 1292B. Anybody go to the judge and say that? No one went to the judge and said that. And now we have this problem. It's a total mess. These are things that should be fixed before they become appellate messes. I agree. And I recently had a different appeal in which there was a lack of clarity, and this court asked that it be fixed. Could we not do that now? Well, we will ask for supplemental jurisdictional memos from the parties. And one of the things you can do is go back to the district court, correct your settlement so that it's with prejudice, and ask the district court to enter a proper judgment. Or, if the judge does not want to wrap up the case, to certify a question under 1292B and explain why it meets the criteria for certification under 1292B, which so far as I can see, it does not. I would concur on that last point, Your Honor, which is why that path was never pursued, certainly by my client. And so I will reserve my remaining 60 seconds. Thank you, Mr. Feldberg. Thank you. Thank you, Judge. Mr. Borcia, you see the problem, I trust. Why are we here? Morning, Jim Borcia for National Fire. Judge, I think I kind of saw this coming. We filed a motion before the judge, you know, the stipulation was filed by the parties. And just so you have a little background, the settlement, I think we have a difference of opinion on what we settled, but there were four claims in the judgment. There was a damages claim. Damages are a remedy. They are not a claim. Both sides are horribly misusing the word claim. There was a damages remedy. There was a cost remedy. There was a fees remedy. And there was an expense remedy. We settled the damages remedy and the cost remedy. We did not settle the fees and the expenses remedy. And I think the idea was what the magistrate judgment we settled was, we were going to seek certification of the fees and expenses remedies. We and so there was a stipulation file and nobody did. There was no 1292B petition. Correct. We filed a motion to enforce the settlement agreement because we had a difference of opinion back and forth on what we settled. It's our view that on the fees and the expenses remedy, we did not agree to give up any of our defenses. One of those being the cooperation clause. One of them being the SIR amount. And your view is there are other open issues in this case. And we survive this appeal. Yes, possibly. Making it transparently a non-final order. If you were to, I think, affirm the district court's ruling, I think the case is over. But our view is if you don't do that, we still have defenses that are not part of the prejudice. So we had and I was very clear. You cannot do that in order to put a particular issue before the court of appeals while reserving the right to litigate others back in the district court. Without a 1292B. It just cannot be done. Right. So I tried to front this because I filed the motion with the district court before the order, judge order was entered to enforce the settlement agreement. And the judge bypassed that and entered the order dismissing the case. So here we are. I understand the conundrum. And I try to get this cleared up before the final judgment was entered. And the district court, I think, had just wanted to get the case over with and enter the order. But it's our view that we do have a settlement. The settlement is on the limited issues of the remedies of the damages and the costs. And then the fees and expenses. Obviously, if you were to affirm the district court's ruling, litigation is over between the parties. But we did not agree to give any defenses that we have on the remedies of the fees and  So I understand the problem. I'm not the appellant here. But obviously, we were part of the settlement conference. And I tried to get at this issue before the case was dismissed by the motion to enforce the settlement to say, we didn't know what was settled here. And obviously, there should have been a 1292B to have the issue certified. But for reasons we've already expressed, 1292B would not be appropriate in this case. 1292B is to be done early in the case in order to advance the disposition of the case. It's not for a trailing issue that the parties have tried to partly reserve in a settlement. If you know of any 1292B certification in circumstances of this case, by all means, let us know. But nobody filed the 1292B petition. The district court didn't make the 1292B findings. I don't see much use in proceeding. We will give the parties 14 days to file supplemental jurisdictional statements. If you want to use that time to actually settle the case, as opposed to trying to reserve issues for future decision, be our guest. If the appellant wants to dismiss the notice of appeal as a bad job, be our guest. But there are pretty serious problems here. I understand. Thank you, Your Honor. Thank you, Your Honor. I understand. We will look forward to receiving those memos within 14 days. Thank you. When they're received, the case will be taken under advisement, unless the appeal has been dismissed.